UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| JOHN CHINNICI, : | |
| : | |
| Plaintiff : | |
| v. : | File No. 1:16-cv-264-jgm |
| : | |
| CENTURION OF VERMONT, LLC; : | |
| CODY BAKER, Correctional Officer : | |
| at MVRCF, : | |
| : | |
| Defendants. : | |
| _____ : | |

RULING ON MOTIONS TO DISMISS, FOR
RECONSIDERATION, AND FOR EXTENSION OF TIME
(Docs. 12, 22, 24)

I.  Introduction

John Chinnici, a Vermont inmate proceeding pro se, was granted leave to proceed in forma pauperis in October 2016 (Doc. 2) and his complaint against Defendants Centurion of Vermont, LLC and Cody Baker, in his official capacity as a Correctional Officer ("CO") at Marble Valley Regional Correctional Facility ("MVRCF"), was thereafter filed (Doc. 4). In December, Centurion of Vermont filed an answer (Doc. 9) and Defendant Baker filed a motion to dismiss (Doc. 12). In January, Chinnici filed and the Court denied a Request for Counsel. (Docs. 13, 15.) Chinnici has since opposed the motion to dismiss (Doc. 18) and filed motions to reconsider the order denying appointment of counsel and for an extension of time to comply with discovery requests (Docs. 22, 24). Baker filed a reply in further support of his motion to dismiss. (Doc. 19.) For the reasons that follow, Baker's motion to dismiss is GRANTED, Chinnici's motion for reconsideration is DENIED without prejudice, and Chinnici's motion for extension of time is DENIED as moot.

II.  Background

The following facts are assumed to be true for purposes of the pending motions and are gleaned from the complaint. On March 30, 2016, medical staff at Marble Valley Regional

Correctional Facility advised Chinnici to apply a warm compress to his left leg due to bruising. Medical staff placed a wet towel in a small bag and instructed CO Baker to heat it in the microwave. CO Baker did so for a period of three minutes. As a result of nerve damage, Chinnici does not have feeling in parts of his legs. When Chinnici used the compress, he did not feel it burning his skin. He received third degree burns, blisters, and his tattoo was "burned completely through." (Doc. 4 at 3.)

Chinnici seeks the sum of $200,000 for his pain and suffering, scarring, and cost of getting the scars removed and having the tattoo redone. (Doc. 4 at 3.) He also requests the Court grant leave to amend. Id.

III. Discussion

    A. Motion to Dismiss

While CO Baker has moved to dismiss Chinnici's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a motion that tests the legal rather than the factual sufficiency of a complaint, see, e.g., Sims v. Ortiz, 230 F.3d 14, 20 (2d Cir. 2000), he argues he is immune from suit. (Doc. 12 at 3-5.) The Eleventh Amendment of the United States Constitution prohibits a citizen from bringing a suit against his or her own state or its agencies in federal court, absent a waiver of immunity and consent to suit by the state or a valid abrogation of constitutional immunity by Congress. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-47 (1993); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984). "A claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the officer." Mathie v. Fries, 121 F.3d 808, 818 (2d Cir. 1997). Sovereign immunity is a threshold issue that must be addressed prior to considering dismissal for failure to state a claim.

See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). Accordingly, the Court construes the motion to dismiss as one under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

A court should grant a Rule 12(b)(1) motion to dismiss if it is not authorized by statute or the Constitution to adjudicate the plaintiff's claims. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence. Id. In determining whether subject matter jurisdiction exists, the court may look to evidence outside the complaint. Id. (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). In reviewing the complaint, the Court notes that because the plaintiff is proceeding pro se, it must construe his submissions liberally and interpret them to raise the strongest arguments they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). While pro se litigants are afforded a liberal pleading standard, Erickson v. Pardus, 551 U.S. 89, 94 (2007), nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law, Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Under 42 U.S.C. § 1983, a claimant may bring suit against any "person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992). A plaintiff asserting a § 1983 claim must demonstrate: "(1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or

3

privileges." Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998). Section 1983, however, creates no substantive rights; "it provides only a procedure for redress for the deprivation of rights established elsewhere." Thompson v. Pallito, 949 F. Supp. 2d 558, 569 (D. Vt. 2013) (citation omitted). The Court construes Chinnici's claim to be a violation of his rights to be free of cruel and unusual punishment and for proper medical care under the Eighth Amendment[1] to the Constitution. See Doc 18 at 1.

The State of Vermont has preserved its immunity under the Eleventh Amendment by statute, thereby rendering Vermont state agencies immune from suit. Vt. Stat. Ann. tit. 12, § 5601(g). "A claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the officer." Mathie v. Fries, 121 F.3d 808, 818 (2d Cir. 1997). The Eleventh Amendment pertains only to official capacity claims, see Kentucky v. Graham, 472 U.S. 159, 169 (1985); individual capacity claims are not protected by the Eleventh Amendment, Hafer v. Melo, 502 U.S. 21, 30-31 (1991).

CO Baker moves to dismiss Chinnici's claims against him in his official capacity arguing the Vermont Tort Claims Act, 12 Vt. Stat. Ann. §§ 5601-5606, and Eleventh Amendment of the United States Constitution bar the § 1983 claim against him. (Doc. 12 at 3-5.)

The Court finds Defendant Baker--a Correctional Officer at Marble Valley Regional Correctional Facility--was acting as a state official when he performed the action of heating the wet compress according to the medical staff's directive on March 30, 2016. Accordingly, the constitutional claim for damages against CO Baker in his official capacity[2] is dismissed because it

---

[1] The Eighth Amendment guarantees inmates access to adequate medical care. Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006).

[2] While state officials may not be sued in their official capacities for retrospective relief under § 1983, they may be sued "in their official capacities for injunctive or other prospective

4

constitutes a claim against the State of Vermont and is barred by Eleventh Amendment sovereign immunity. See Darcy v. Lippman, 356 F. App'x 434, 437 (2d Cir. 2009) ("The Eleventh Amendment . . . bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities.").

In opposing the motion to dismiss, Chinnici argues CO Baker acted outside the scope of his employment and violated a policy when he heated the compress, and accordingly should be held liable for his actions. (Doc. 18 at 1.) CO Baker notes in reply, he has not been served in his individual capacity. (Doc. 19 at 1 (citing Doc. 6).)

In general, district courts should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Accordingly, Chinnici is afforded the opportunity to amend his complaint to include a claim against CO Baker in his individual capacity.[3] An amended complaint, if filed, should be titled "Amended Complaint" and set forth all allegations against all defendants in separately numbered paragraphs, as it will supersede and replace the original complaint in all respects. Incorporation by reference to

---

relief." Huminski v. Corsones, 396 F.3d 53, 70 (2d Cir. 2005). The Court notes Chinnici's complaint does seek injunctive or prospective relief. See Doc. 4.

[3] Personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013). To establish an Eighth Amendment violation, "a prisoner may prevail only where he proves both an objective element–that the prison officials' transgression was 'sufficiently serious'–and a subjective element–that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' i.e., with 'deliberate indifference to inmate health or safety.'" Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

5

previously filed documents is not permitted. If filed, an amended complaint renders the original

complaint null and void.

      B.      <u>Motion to Reconsider Order Denying Appointment of Counsel</u>

Chinnici requests the Court reconsider[4] its order denying him appointed counsel. (Doc. 22.)

As the Court has noted, unlike in criminal cases, indigent civil litigants are not entitled to counsel.

<u>Leftridge v. Conn. State Trooper Officer #1283</u>, 640 F.3d 62, 68 (2d Cir. 2011); <u>compare</u> U.S.

Const. amend. VI. A district judge may request an attorney represent a person unable to afford

counsel in a civil case. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any

person unable to afford counsel."). The district court retains broad discretion in deciding whether

to appoint counsel under § 1915(e)(1). <u>See</u> <u>Hodge v. Police Officers</u>, 802 F.2d 58, 60 (2d Cir. 1986).

For the same reasons outlined by the Court in its prior Order (Doc. 15), Chinnici's motion

for reconsideration is denied. At this early stage of the litigation, the Court declines to request

counsel for Chinnici. The merits of his claims remain uncertain. If, as the case progresses, it

becomes apparent the case has merit and Chinnici is unable to proceed competently without

counsel, he may again move for appointment of counsel. Chinnici's current motion for

reconsideration, however, is denied without prejudice.

      C.      <u>Motion for Extension of Time</u>

Chinnici also requests an extension of time to respond to interrogatories and requests to

produce documents. (Doc. 24.) In light of the dismissal of the claims against Defendant Baker in

---

[4] The standard for granting a motion to reconsider is strict, and reconsideration is generally denied unless the moving party points to controlling decisions or data that the court overlooked: "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Schrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). If the moving party is seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision. <u>Id.</u>

his official capacity, the Court presumes the discovery requests served March 28, 2017, see Doc. 23, by Defendant Baker are moot and, accordingly, finds Chinnici's motion for an extension moot.

IV.     Conclusion

For the reasons discussed above, Defendant Baker's motion to dismiss (Doc. 12) is GRANTED.  Chinnici may file an amended complaint on or before July 3, 2017.  Plaintiff Chinnici's motion to reconsider the order denying appointment of counsel (Doc. 22) is DENIED without prejudice to renew.  Chinnici's motion for extension of time to comply with discovery requests (Doc. 24) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 1st day of June, 2017.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge